```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

BRAD HOWZE,
         Plaintiff,

         v.                              CIVIL ACTION NO.
                                         14-10658-DPW
INTERNAL REVENUE SERVICE,
         Defendant.


## MEMORANDUM AND ORDER

For the reasons state below, the Court allows plaintiff's Motion (#2) for Leave to Proceed In Forma Pauperis; denies plaintiff's Motion (#3) for Relief from judgment; and directs plaintiff to show good cause why this action should not be dismissed or file an amended complaint.

## BACKGROUND

Plaintiff Brad Howze, a resident of Boston, initiated this action on February 27, 2014, by filing his self-prepared motion for relief from judgment and complaint against the Internal Revenue Service ("IRS"). He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs.

The factual allegations in the complaint consist of four sentences. Howze explains that he appealed an audit and, many times over a period of one year, provided additional information. He has yet to receive a response and he complains that the IRS has acted in bad faith. In his motion for relief from judgment, he complains that the audit department failed to complete the audit examination.

DISCUSSION

I. The Motion to Proceed In Forma Pauperis

Upon review of Howze's financial disclosures, the Court finds that he lacks sufficient funds to pay the filing fee for this civil action. Thus, plaintiff's Motion (#2) for Leave to Proceed In Forma Pauperis is allowed.

II. Screening

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Here, it does not appear that the Court has subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3)

("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

In conducting the preliminary screening, the Court construes plaintiff's pro se complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III. Discussion

Plaintiff's complaint does not specifically allege this Court's jurisdiction for the claims he raises. Even with a liberal construction, this action is subject to dismissal.

A. Pleading Requirements

Howze's complaint fails to to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 10 of the Federal Rules of Civil Procedure provides for the form of pleadings while Rule 8 governs the substance of the pleadings. The complaint fails to comply with Rule 10(b) because it does not contain numbered paragraphs. See Fed.R.Civ.P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).

Notwithstanding that Howze is proceeding pro se and lacks legal skills, he bears the burden to set forth claims. The complaint fails to provide any details or relevant information necessary to set forth a cognizable claim. Although it is clear that he alleges he had not received a response from the IRS, the complaint provides no factual basis for any claim against the IRS. It is not for this Court to fashion Howze's complaint. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Terrance v. Cuyahoga County, 2005 WL 2491531 at *1 (N.D.Ohio 2005) citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). See McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with pro

se complaints). Such an exercise by the Court would " 'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.' " Terrance, 2005 WL 2491531 at *1, quoting Beaudett, 775 F.2d at 1278.

The Court finds the complaint, as pled, fails to state a claim and this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Sovereign Immunity

Howze names the IRS as the sole defendant. Actions against the IRS are against the United States. Under the long-standing doctrine of sovereign immunity, actions against the United States may be maintained only with its express consent to suit. FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). "Sovereign immunity is jurisdictional in nature." Meyer, 510 U.S. at 475. Absent a showing of waiver, dismissal of a suit against the United States or its agencies is required. Id.; Villanueva v. United States, 662 F.3d 124, 126 (1st Cir. 2011).

In order to maintain a suit against the IRS, the taxpayer must first exhaust all administrative remedies. See 26 U.S.C. §

7422(a) ("No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have during erroneously or illegally assessed ... until a claim for refund or credit has been duly filed with the Secretary ...."); see also 26 C.F.R. § 301.7432-1(e) (requiring administrative claim before filing action for failure to release a lien), 26 C.F.R. § 301.7433-1(d) (requiring administrative claim before filing action for certain unauthorized collection actions).

Congress has provided a limited waiver of sovereign immunity by allowing taxpayers to recover civil damages for certain unauthorized collection activities by the IRS, but only when IRS employees cause the damage through reckless or intentional disregard of the Internal Revenue Code or regulations during the collection of a federal tax. See 26 U.S.C. § 7433(d)(1); White v. C.I.R., 899 F. Supp. 767, 772 (D. Mass. 1995) (Ponsor, J.).

Here, Howze has not alleged that he exhausted administrative remedies, and it is unclear whether he has followed the available administrative procedures. As a result, this action is may be subject to dismissal for lack of subject-matter jurisdiction.

C. Anti-Injunction Act

Even assuming that the United States has waived its sovereign immunity, the Anti-Injunction Act would still limit the authority of this court to order the relief apparently sought by Howze, at least insofar as he seeks to have this Court order the

closing of an audit.  The Act provides, with exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S.Ct. 2566, 2582 (2012) ("This statute protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes. Because of the Anti-Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund.").  The purpose of the Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference."  Bob Jones Univ., v. Simon, 416 U.S. 725, 736 (1974) (internal citations omitted). The Supreme Court has construed the Anti-Injunction Act to include an equitable exception, allowing a plaintiff to file an action to restrain the collection of taxes if the plaintiff shows that "under no circumstances could the Government ultimately prevail," and if "equity jurisdiction otherwise exists."  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct 1125, 8 L.Ed.2d 292 (1962).

Nothing in the complaint can lead one to conclude that the government could not, under any circumstance, prevail on the merits.  Therefore, the Anti-Injunction Act precludes this court

7

from issuing the injunctive relief Howze seeks.

Plaintiff will be granted additional time to file an amended complaint and/or show good cause why this action should not be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

Based upon the foregoing, it is hereby ORDERED

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) is ALLOWED;

2. The Plaintiff's plaintiff's Motion for Relief from Judgment (Docket No. 3) is Denied;

3. Within thirty-five (35) days of the date of the this Memorandum and Order, plaintiff shall show cause why this action should not be dismissed or file an amended complaint; and

4. No summonses shall issue pending further Order of the Court.

SO ORDERED.

 April 11, 2014                     /s/ Douglas P. Woodlock
DATE                                DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT JUDGE